IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-75-PLR-DCP |
| | ) | |
| SHAWN FITTS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Fitts' Motion to Continue [Doc. 62], filed on June 5, 2019. Also before the Court are Defendant Bryant's Motion to Continue [Doc. 63], Defendant Thomas' Motion to Adopt the Motion to Continue [Doc. 64], and Defendant Stansberry's Motion to Continue [Doc. 70].

The parties appeared before the undersigned for a hearing on the motions on June 25, 2019. Assistant United States Attorney Bart Slabbekorn appeared on behalf of the Government. Attorneys Norman McKellar and Devin DeVore appeared on behalf of Defendant Fitts, Attorney Randall Reagan appeared on behalf of Defendant Thomas, Attorney Tommy Hindman appeared on behalf of Defendant Stansberry, Assistant Federal Defender Benjamin Sharp appeared on behalf of Defendant Wyrick, and Attorney James Carter, Jr. appeared on behalf of Defendant Bryant. Defendants Stansberry, Fitts, Wyrick, and Thomas were also present.[1]

---

[1] Prior to the hearing, Defendant Bryant filed a Motion to Excuse her Presence at the Hearing [Doc. 74]. The motion relates that Defendant Bryant is currently released on pre-trial

In his motion, Defendant Fitts asks the Court to continue the July 16, 2019 trial date and all other related deadlines in this case. He argues that a continuance is necessary to give counsel additional time to complete his investigation into the facts and circumstances of Defendant's case, and review the voluminous amount of discovery provided by the Government. Further, the motion states that Defendant Fitts understands that a trial continuance waives his speedy trial rights. During the hearing, Attorney McKellar stated that he requested the continuance due to the nature of the charges against Defendant Fitts, as well as the substantial amount of electronic data provided as discovery. Attorney Reagan informed the Court that the digital discovery consists of over several gigabytes of data, including eleven (11) total discs detailing wiretaps and video surveillance. Assistant Federal Defender Sharp related that Defendant Wyrick had no objection to the present motion. AUSA Slabbekorn stated that the Government had no objection to a trial continuance, and acknowledged that the provided discovery in this case was voluminous. The parties then agreed on a new trial date of January 28, 2020.

The Court finds the motion to continue is well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Indictment [Doc. 32] charges that the Defendants conspired with each other and others to knowingly, intentionally, and without authority, distribute and possess with intent to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance; as well as the conspiracy to commit money laundering. The Court finds that defense counsel require additional time to investigate the facts of Defendants' cases, to file and litigate pretrial motions, and to prepare the case for trial. Thus, the Court finds that the failure to grant a

---

supervision and residing with her sister in Blacksburg, Virginia. Accordingly, Defendant Bryant's Motion to Excuse Presence [Doc. 74] is **GRANTED**.

continuance would deprive defense counsel of the reasonable time necessary to prepare for trial despite the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, Defendant Fitts' Motion to Continue [**Doc. 62**], Defendant Bryant's Motion to Continue [**Doc. 63**], Defendant Thomas' Motion to Adopt [**Doc. 64**], and Defendant Stansberry's Motion to Continue [**Doc. 70**] are **GRANTED**, and the trial of this matter is reset to **January 28, 2020**. The Court also finds that all the time between the filing of the motion to continue on June 5, 2019 and the new trial date of January 28, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to additional scheduling in this case, the deadline for filing pretrial motions is reset to **October 10, 2019.** Responses to motions are due on or before **October 24, 2019**. If any motions requiring a hearing are filed, Chambers will contact the parties to schedule a motion hearing. The Court set a final pretrial conference on **January 10, 2020 at 1:30 p.m.** This date is also the deadline for conducting plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **January 13, 2020**. Special requests for jury instructions are due on **January 17, 2020** and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Fitts' Motion to Continue [**Doc. 62**], Defendant Bryant's Motion to Continue [**Doc. 63**], Defendant Thomas' Motion to Adopt [**Doc. 64**], Defendant Stansberry's Motion to Continue [**Doc. 70**], and Defendant Bryant's Motion to Excuse [**Doc. 74**] are **GRANTED**;

(2) The trial of this matter is reset to commence on **January 28, 2020**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, Chief United States District Judge;

(3) All time between the filing of the motion to continue on **June 5, 2019**, and the new trial date of **January 28, 2020**, is fully

excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is reset to **October 10, 2019**;

(5) Responses are due on or before **October 24, 2019**;

(6) A final pretrial conference before the undersigned is set for **January 10, 2020 at 1:30 p.m.** This date is also the deadline for conducting plea negotiations and providing reciprocal discovery;

(7) Motions *in limine* must be filed no later than **January 13, 2020**; and

(8) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **January 17, 2020**.

**IT IS SO ORDERED.**

        ENTER:

        _____
        Debra C. Poplin
        United States Magistrate Judge