IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:19-CR-75-PLR-DCP |
| SHAWN BARAHAN FITTS, *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Motion to Continue Motion Deadline, Pretrial Conference, Plea Deadline, and Trial Date [Doc. 208], filed by Defendant Michael Hines on January 6, 2020, and the Motion to Continue Motion Deadline [Doc. 217], filed by Defendant Curtis Morrow on January 21, 2020. Defendants Billy Davis [Doc. 218] and Rockele Bryant [Doc. 219] have moved to adopt Defendant Morrow's motion [Doc. 217].

The parties appeared before the undersigned for a motion hearing on January 22, 2020. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. The following defense counsel appeared on behalf of the Defendants: Attorneys Norman D. McKellar and Devin Spence DeVore for Defendant Shawn Barahan Fitts; Attorney Michael P. McGovern for Defendant Brandon Claron Thomas; Attorney Tommy K. Hindman for Defendant Jason Eric Stansberry; Attorney M. Jeffrey Whitt participated by telephone for Defendant Christopher Michael Wyrick; Attorney James Carter, Jr., for Defendant Rockele Bryant; Attorney Michael B.

Menefee for Defendant Kelvin Bush; Attorney John Stanford Young, III, for Defendant Alonzo Butler; Attorney T. Scott Jones for Defendant Billy Davis; Attorney Michael Thomas Cabage for Defendant Michael Hines; Attorney Rachel L. Wolf for Defendant Richard Jentzsch; Attorney Ruth Thompson Ellis for Defendant Curtis Morrow; Attorney Jonathan S. Wood for Defendant Tron Rodgers; and Attorney Stephen G. McGrath for Defendant Johnny Tackett. Defendant Fitts was present for the hearing, and all other Defendants were excused.

In his motion, Defendant Hines asks [Doc. 208] the Court to continue the May 19, 2020 trial date and all other related deadlines in this case. The motion relates that Defendant Hines, who is detained pretrial, was moved to a facility in Roanoke, Virginia, in order to receive medical treatment. The motion relates that the discovery in this case is voluminous and that defense counsel needs additional time to review the discovery, confer with Defendant Hines, and file any necessary pretrial motions. The motion relates that the Government does not object to a trial continuance. Defendant Marrow asks [Doc. 217] for a ten-week extension of the January 21 motion deadline to allow continued plea negotiations. This motion also states that the Government does not oppose the request. Defendants Davis and Bryant state that they are similarly situated to Defendant Morrow and are also involved in plea negotiations.

At the motion hearing, Mr. Cabage stated that although the discovery is voluminous, the main reason he needs a trial continuance is that he has not had time to meet with his client to discuss the case. Ms. Ellis agreed that there is substantial discovery in this case, and stated that she is continuing to investigate the case and negotiate with the Government. She stated that a continuance of the motion deadline is necessary for her to be properly prepared. Mr. Jones and Mr. Carter reiterated that they need an extension of the motion deadline because they are engaged in plea negotiations. Ms. Wolf stated that Defendant Jentzsch joins in the motion to extend the

motion deadline, noting that she was out of the country for two weeks during the holidays and needs additional time to conduct legal research. Counsel for Defendants Tackett, Thomas, Bush, and Butler joined in both motions to continue. Mr. Whitt said Defendant Wyrick did not object to a trial continuance, particularly due to counsel's lack of time to meet with his client over the last two months while in trial on another case. Mr. McKellar stated that Defendant Fitts did not join in the motion but did not oppose a continuance. Mr. Wood said Defendant Rodgers takes no position on a continuance. Mr. Hindman related that Defendant Stansberry is no longer proceeding to trial.

AUSA Davidson confirmed that the Government did not object to a continuance of the trial or motion deadlines. She agreed that the discovery in this case is extensive and includes recorded telephone conversations and text messages intercepted from wiretaps on three telephones. She also stated that six search warrants were executed in this case. Despite the large amount of discovery, AUSA Davidson said she did not consider this case to be complex for speedy trial purposes. She said that the case involves a straightforward drug conspiracy and that with the exception of Defendants Thomas and Wyrick, most Defendants were on only a few intercepted telephone calls. The parties agreed to a new trial date of August 11, 2020.

The Court finds the motion to continue the trial is joined by Defendants Tackett, Thomas, Bush, and Butler, unopposed by the Government and the remaining Defendants,[1] and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Superseding Indictment [Doc. 95] charges that fifteen named Defendants conspired with each other and others to distribute and possess with intent to distribute five (5) kilograms or more of cocaine over a ten-

---

[1] The Court notes Defendant Rodgers takes no position on the motion.

month period (Count One).  It also charges Defendant Fitts with possession of a firearm in furtherance of drug trafficking (Count Two) and Defendants Fitts, Thomas, Stansberry, Wyrick, and Jentzsch with a money laundering conspiracy (Count Three).  The Court observes that the discovery in this case is voluminous and includes intercepted telephone conversations and text messages from three telephones.  The Court observes Defendant Rodgers entered the case on December 12, 2019, and that two Defendants have yet to appear.  Finally, the Court observes that counsel for Defendant Hines has had difficulty communicating with his client, who is detained in Virginia for medical treatment.  The Court finds that defense counsel need additional time to review discovery, to investigate the facts of the cases, to file and litigate pretrial motions, and to prepare the case for trial.  The Court also observes that Defendant Fitts needs time to litigate his nine pending pretrial motions, on which the Court heard oral argument at the January 22 motion hearing.  *See* 18 U.S.C. § 3161(h)(1)(D) & -(H).  Thus, the Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare for trial despite the exercise of due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the motion to continue the trial [**Doc. 208**] is **GRANTED**, and the trial of this matter is reset to **August 11, 2020**.  The Court also finds that all the time between the filing of the motion to continue on January 6, 2020, and the new trial date of August 11, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B).  The motions to extend the motion deadline [**Docs. 217, 218, & 219**] are also **GRANTED**.  The deadline for filing pretrial motions is reset to **March 31, 2020.**  Responses to motions are due on or before **April 14, 2020**.  The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **April 21, 2020, at 1:30 p.m.**  The deadline for filing a plea agreement in the record and for providing reciprocal discovery

4

is **July 7, 2020**. All motions *in limine* must be filed no later than **July 27, 2020**. The parties are to appear before the undersigned for a final pretrial conference on **July 28, 2020, at 10:00 a.m.** Requests for special jury instructions are due on **July 31, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Hines's Motion to Continue Motion Deadline, Pretrial Conference, Plea Deadline, and Trial Date [**Doc. 208**] and the oral motions to join this motion by Defendants Tackett, Thomas, Bush, and Butler are **GRANTED**;

(2) The trial of this matter is reset to commence on **August 11, 2020**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, Chief United States District Judge;

(3) All time between the filing of the motion to continue on **January 6, 2020**, and the new trial date of **August 11, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Defendant Morrow's Motion to Continue Motion Deadline [**Doc. 217**], the motions to adopt [**Docs. 218 & 219**] by Defendants Davis and Bryant, and the oral motions to join by Defendants Jentzsch, Tackett, Thomas, Bush, and Butler are **GRANTED**. The motion deadline is reset to **March 31, 2020**;

(5) Responses to motions are due on or before **April 14, 2020**;

(6) The parties are to appear before the undersigned for a motion hearing on all pretrial motions on **April 21, 2020 at 1:30 p.m.**;

(7) The deadline for concluding plea negotiations and providing reciprocal discovery is **July 7, 2020**;

(8) Motions *in limine* must be filed no later than **July 27, 2020**;

(9) The undersigned will hold a final pretrial conference on **July 28, 2020, at 10:00 a.m.**, and

5

(10) Requests for special jury instructions with appropriate citations are due on **July 31, 2020**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge